UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD ROBBEN,<br><br>    Plaintiff,<br><br>v.<br><br>CARSON CITY, *et al.*,<br><br>    Defendants. | Case No. 3:15-cv-00529-RFB-VPC<br><br><br>**ORDER** |

This action, filed by Plaintiff Todd Robben ("Plaintiff") was commenced on October 22, 2015. (ECF No. 1). The operative Amended Complaint was filed on April 17, 2016. (ECF No. 33). In the Amended Complaint, Plaintiff asserts a cause of action for violation of the RICO statute, 18 U.S.C. § 1962, against Defendants Carson City; First Judicial District Court of the County of Carson City; Max Cortes as First Judicial District Court Administrator in her individual and official capacities; and First Judicial District Court Court Clerks for the County of Carson City (collectively, "Defendants"). Defendants filed a Motion to Dismiss on October 10, 2017. (ECF No. 53). Responses were due by October 24, 2017. No Response was filed by that date. Defendants filed a Reply on December 14, 2017, arguing that Plaintiff's failure to file an opposition or response warranted dismissal of the action. (ECF No. 55). On December 26, 2017, Plaintiff filed a Response to the Motion to Dismiss, in which he stated that he never received a copy of Defendants' Motion and was denied a filing of Opposition. (ECF No. 56). No substantive argument was included.

On June 21, 2018, the Court entered a Minute Order instructing the Clerk of Court to mail a copy of the Motion to Dismiss to Plaintiff along with a copy of the Minute Order, and providing Plaintiff 18 days from the date of entry of the Minute Order to file a Response to the Motion to Dismiss. (ECF No. 60). The Minute Order and Motion to Dismiss were mailed to Plaintiff on June 29, 2018.

More than 18 days have passed since the Court entered its prior Order, and Plaintiff has failed to file a Response. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal, as this case has been pending for nearly three years. The third factor, risk of

prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a briefing ordered by the Court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Although there exists a public policy in favor of disposing of cases on the merits, the Court finds that this factor is outweighed by Plaintiff's failure to file an Opposition over nine months after the Motion to Dismiss was filed. Finally, the "consideration of alternatives" requirement is satisfied. The Court's prior Minute Order provided Plaintiff with additional time to file a Response, in light of his representation that he never received the Motion to Dismiss. See Ferdik, 963 F.2d at 1262 ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal."). Further, Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Thus, Plaintiff had adequate warning that the Motion to Dismiss would be granted if he failed to file a Response.

Even if the Court had not decided to dismiss the case for the reasons previously noted, the Court would and does grant the Motion to Dismiss on the merits. The Plaintiff's final RICO claim as set forth in the Amended Complaint does not allege a sufficient claim. The claim merely asserts conclusory allegations which are insufficient to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). Plaintiff does not set forth specific facts to establish a claim against the Defendants, individually or collectively. This claim is therefore dismissed. As Plaintiff has had an opportunity to amend this claim previously, it is dismissed with prejudice.

/ / /

/ / /

/ / /

Accordingly,

**IT IS THEREFORE ORDERED** that this action is dismissed with prejudice based on Plaintiff's failure to file a Response to the Motion to Dismiss.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close the case.

DATED: July 23, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**